UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JERMAINE SMITH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　　Respondents. | Case No. 22-cv-01572-VC<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 18 |

　　　　Joseph Jermaine Smith, a state prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. Dkt. No. 18. Smith filed two letters in opposition. Dkt. Nos. 20, 22. The motion is granted. The petition is dismissed without prejudice.

## BACKGROUND

　　　　Smith was convicted of committing a lewd act on a child under 14 and aggravated sexual assault on a child under 14. Dkt. No. 18-1 at 2-3. Smith was sentenced to 15 years to life in prison. *Id*. The California Court of Appeal affirmed Smith's conviction. *Id*. Smith filed a petition for review in the California Supreme Court raising the following three claims: (1) insufficient evidence of force to support the conviction of committing a lewd act on a child under 14; (2) insufficient evidence of force to support the conviction of aggravated sexual assault on a child under 14; and (3) imposition of the court operations fee and criminal conviction assessment, and the failure to stay the restitution fine, violated due process. *Id*. at 34. The California Supreme Court denied a petition for review. *Id*. at 96.

Smith raises three claims in this federal habeas petition: (1) trial counsel was ineffective in failing to introduce relevant exculpatory evidence which was also a violation of due process; (2) evidence of the victim's history of prostitution was improperly excluded as it would have diminished her credibility; and (3) a violation of due process in allowing the victim of Smith's previous conviction to testify. Dkt. No. 5 at 5.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

The claims raised in Smith's federal petition are not the same claims presented to the California Supreme Court. Instead, Smith's federal petition raises three entirely new claims. In his letters of opposition, Smith states that he exhausted his claims and attaches a letter from his state appellate attorney stating that his case was taken to the California Supreme Court. Dkt. No. 22 at 2. While certain claims were exhausted, those are not the same claims raised in Smith's petition before this court. Smith has not met his burden of proving that the claims raised in this federal petition were exhausted in state court. *See Darr*, 339 U.S. at 218. The California Supreme Court has, therefore, not had a fair opportunity to rule on the merits of the issues raised in

Smith's federal petition. Because the current petition contains only unexhausted claims, it must be dismissed without prejudice. Further, because Smith has provided no explanation for his failure to exhaust, he is not entitled to any exemption from the exhaustion requirement. Nor has Smith requested a stay or provided good cause for his failure to exhaust the claims in state court.

## CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss the petition for failure to exhaust is GRANTED. Dkt. No. 18. The petition is dismissed without prejudice to Smith returning to this court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: March 9, 2023

VINCE CHHABRIA
United States District Judge